O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| DANIEL ARENAS, | Case No. EDCV 11-1499-MLG |
|          Petitioner, | MEMORANDUM OPINION AND ORDER DENYING RESPONDENT'S MOTION TO |
|          v. | DISMISS PETITION |
| JAMES WALKER, Warden, | |
|          Respondent. | |

**I.    Background**

     This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The underlying facts[1] reveal that on June 25, 2005, a San Bernardino County Superior Court jury convicted Petitioner Daniel Arenas of the following crimes: possession of a firearm by an ex-felon (Cal. Penal Code § 12021(a)(1)) (count 1); exhibiting a loaded firearm in a rude, angry or threatening manner (Cal. Penal Code § 417(b)) (count 2); misdemeanor battery (Cal. Penal Code § 243(e)(1)) (count 3); assault with a semiautomatic firearm (Cal. Penal Code § 245(b)) (count 4); exhibiting a firearm in the

---

[1] The facts and procedural history are taken from the Report and Recommendation filed on August 20, 2009, in *Arenas v. Felker*, Case No. EDCV 08-0543-GAF (MLG).

presence of an officer (Cal. Penal Code § 417(c)) (count 5); exhibiting a deadly weapon to an officer to resist arrest (Cal. Penal Code § 417.8) (count 6); resisting an officer (Cal. Penal Code § 69) (count 7); assault on an officer with a semiautomatic firearm (Cal. Penal Code § 245(d)(2))(counts 8 - 10); and discharge of a firearm with gross negligence (Cal. Penal Code § 246.3(a)) (count 11).

The jury found true the gang enhancement allegations charged in association with counts 1 and 5-11. (Cal. Penal Code § 186.22(b)(1)). The jury also found true the allegation that Petitioner personally used a firearm in committing counts 4 and 7, and that he personally and intentionally discharged a firearm in committing counts 8-10. (Cal. Penal Code §§ 12022.5(a),(d), 12022.53(c)). In addition, the jury found true the allegations that Petitioner had incurred two prior strike convictions, two serious prior felony convictions, and three prior prison terms. (Cal. Penal Code §§ 667(a)(1), 667.5(b), 667(b)-(i), 1170.12(a)-(d)). Petitioner was sentenced to a prison term of sixty-five years and four months.

Petitioner's direct appeals and petitions for post-conviction relief were denied by the California courts. On July 15, 2008, Petitioner filed a petition for writ of habeas corpus in this Court, raising eight grounds for relief. *Arenas v. Felker*, Case No. EDCV 08-0543-GAF (MLG). On September 29, 2009, District Judge Gary A. Feess accepted my Report and Recommendation, finding that the evidence was insufficient to support the gang enhancement allegations, and granting relief on that one claim. The remaining seven claims for relief raised by Petitioner were found to be meritless.

Respondent did not appeal this Court's judgment granting relief on the gang enhancement claim. Petitioner's request for a

2

certificate of appealability on the rejected claims was denied by District Judge Feess on November 9, 2009. The United States Court of Appeals for the Ninth Circuit likewise denied a certificate of appealability on August 12, 2011.

Meanwhile, the case was returned to the San Bernardino County Superior Court for resentencing on the remaining charges. At the sentencing hearing, Petitioner filed a brief alleging that (1) the jury made inconsistent findings at trial that Petitioner intentionally fired his weapon and also that he willfully discharged his weapon in a grossly negligent manner, and (2) the admission of gang evidence was unduly prejudicial. (Lodgment 13.) The trial court rejected these arguments and on January 7, 2010, Petitioner was sentenced to a prison term of 48 years and 4 months.

After resentencing, Petitioner again filed a direct appeal in the California Court of Appeal, raising the two new claims for relief presented at the time of sentencing. On October 26, 2010, the California Court of Appeal affirmed the judgment, finding that Petitioner was precluded from raising these issues on appeal because they were not raised in the trial court at the time of trial or on his first direct appeal. (Lodgment 13 at 5.) On December 14, 2010, Petitioner filed a petition for review in the California Supreme Court, raising the same two grounds for relief. (Lodgment 14.) On January 19, 2011, the supreme court summarily denied review. (Lodgment 15.)

On September 19, 2011, Petitioner filed the instant habeas corpus petition in this Court, alleging the same two grounds for relief presented to the state appellate courts following his resentencing. On November 9, 2011, Respondent filed a motion to

dismiss the current petition, claiming that it is a successive petition within the meaning of 28 U.S.C. § 2244(b).

## II. Discussion

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Further, a claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or a petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). The question presented here is whether the current petition is a second or successive application under section 2244(b), given that Petitioner was granted conditional habeas relief and was subsequently re-sentenced under a new judgment in state court.

In *Magwood v. Patterson*, -- U.S. --, 130 S.Ct. 2788, 2803 (2010), a state prisoner who had successfully challenged his death sentence in a federal habeas corpus petition, and was again sentenced to death following a new state sentencing hearing, brought a subsequent section 2254 habeas corpus petition challenging the new death sentence. The Supreme Court held that the petition was not a "second or successive" habeas corpus application under section 2244(b), even though it raised a claim for relief *that could have been brought in the first petition, because the petition was challenging a new judgment for the first time. In *Magwood*, the conditional writ of habeas corpus had been granted with respect to the original death sentence on the basis that the sentencing court

4

had failed to consider statutory mitigating circumstances relating to the prisoner's mental state at the time of the murder. At both the original sentencing and the resentencing, the trial court applied as an aggravating circumstance the fact that the murder victim was an on-duty sheriff. *Id.* at 2792-93.

In his second federal habeas petition, filed after resentencing, Magwood asserted that his sentence was unconstitutional because he lacked fair warning at the time of his offense that Alabama's statutes would be interpreted as allowing his conduct in murdering an on-duty sheriff to be used as an aggravating circumstance in a capital sentencing. He also asserted that counsel had been ineffective during the resentencing proceeding. *Id.* at 2794.

The majority opinion in *Magwood* concluded that the text of section 2254(b) indicated that the phrase "second or successive" must be interpreted with respect to the judgment challenged, not the claim presented. *Id.* at 2797-98. The Court found that where there is a "new judgment intervening between the two habeas corpus petitions, an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 2802. The Court concluded that Magwood's fair-warning claim asserted a new claim of error, even though the state trial court had made the same alleged mistake at Magwood's original sentencing. *Id.* at 2801.

In *Magwood,* the petitioner was only challenging issues relating to the imposition of the death penalty at sentencing. The Court specifically noted that it was not addressing the question of whether the "reading of § 2244(b) would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, *new* sentence, but also his

5

original, *undisturbed* conviction" because Magwood was not attempting "to challenge his underlying conviction." *Id.* at 2802 (emphasis in original).

Justice Kennedy's dissent, joined by Chief Justice Roberts, and Justices Ginsburg and Alito, criticized the majority for interpreting AEDPA's reference to "second or successive" as applying to applications, rather than to claims, thus making "the nature of the claims raised in the second application ... irrelevant." *Id.* at 2807. Justice Kennedy argued that the majority's interpretation "would allow a challenger in Magwood's position to raise any challenge to the guilt phase of the criminal judgment against him in his second application, since a 'new' judgment - consisting of both the conviction and sentence - has now been reentered and all of the errors have (apparently) occurred anew." *Id.* at 2808.

The instant case falls squarely within the category of cases which the *Magwood* majority specifically declined to address, and which the dissent warned about, that is, a petitioner who has obtained relief solely as to one aspect of the case, resulting in the entry of a new judgment and sentence, who then files a second section 2254 application challenging not only his new sentence, but his original, undisturbed convictions. Indeed, Petitioner does not challenge his new sentence at all, but raises new claims of error which arose at trial and which could have been presented in the original petition filed in this court. Notwithstanding, *Magwood* makes clear that a petition challenging a new judgment will not be deemed a successive or second petition under section 2244(b), even when the issue presented could have been presented in a prior habeas corpus petition.

6

Although the Ninth Circuit has not addressed this issue, other United States courts of appeal have interpreted *Magwood* as permitting a petitioner who obtains a conditional writ as to his sentence to file a subsequent habeas corpus application challenging not only the resulting new sentence, but also the original, undisturbed conviction. *See, e.g., Campbell v. Secretary for the Dept. of Corrections,* 2011 WL 4840725, *3 (11th Cir. 2011) (finding that petitioner's second-in-time habeas petition filed after resentencing was not second or successive because there was a new intervening judgment); *Martin v. Bartow*, 628 F.3d 871, 877-78 (7th Cir. 2010) (observing that *Magwood* permitted challenges that could have been raised previously and that *Magwood* was not limited to resentencing); *Johnson v. United States*, 623 F.3d 41, 45-46 (2nd Cir. 2010) (applying *Magwood* to a federal prisoner's § 2255 motion and concluding that, "where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, sentence, or both").

Based upon the reasoning of the majority holding in *Magwood* and upon the *Magwood* dissent's characterization of the impact of the majority opinion, this Court concludes that the current habeas petition, filed after a grant of conditional relief and Petitioner's resentencing in state court, is not "second or successive" within the meaning of 28 U.S.C. § 2244(b), because there was a new intervening judgment between the first and subsequent petitions. *Magwood*, 130 S.Ct. at 2803, 2808; *Campbell*, 2011 WL 4840725, at *3; *Martin*, 628 F.3d at 877-78.

//

//

**III. Conclusion**

For the reasons stated above, Respondent's motion to dismiss the Petition for Writ of Habeas Corpus as second or successive under 28 U.S.C. § 2244(b) is **DENIED**. Respondent shall file an answer or motion addressing the petition within 28 days of this date. The scheduling order filed September 29, 2011, shall govern all further proceedings.

Dated: February 1, 2012

_____
Marc L. Goldman
United States Magistrate Judge