FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DANIEL ARENAS,<br><br>    Petitioner,<br><br>v.<br><br>JAMES WALKER, Warden,<br><br>    Respondent. | Case No. EDCV 11-1499-MLG<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I.  Background

This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. On January 10, 2004, Petitioner was arrested following an incident in which he assaulted his girlfriend and her sister-in-law, and had an ensuing armed confrontation with police.[1] On June 25, 2005, Petitioner was convicted by a San Bernardino County Superior Court jury of the following crimes: possession of a firearm by an ex-felon (Cal. Penal Code § 12021(a)(1)) (count 1); exhibiting a loaded firearm in a rude, angry or threatening manner (Cal. Penal

---

[1] A detailed recitation of the underlying facts of the incident is unnecessary to the resolution of the instant petition. For those interested, those facts may be found in the Report and Recommendation filed on August 20, 2009 in *Arenas v. Walker*, Case No. EDCV 08-00943-GAF (MLG).

1  Code § 417(b)) (count 2); misdemeanor battery (Cal. Penal Code § 243(e)(1)) (count 3); assault with a semiautomatic firearm (Cal. Penal Code § 245(b)) (count 4); exhibiting a firearm in the presence of an officer (Cal. Penal Code § 417(c)) (count 5); exhibiting a deadly weapon to an officer to resist arrest (Cal. Penal Code § 417.8) (count 6); resisting an officer (Cal. Penal Code § 69) (count 7); assault on an officer with a semiautomatic firearm (Cal. Penal Code § 245(d)(2)) (counts 8 - 10); and discharge of a firearm with gross negligence in a manner that could cause injury or death (Cal. Penal Code § 246.3(a)) (count 11).

The jury found true the gang enhancement allegations (Cal. Penal Code § 186.22(b)(1)) on counts 1 and 5-11. The jury also found true the allegation that Petitioner personally used a firearm (Cal. Penal Code § 12022.5(a),(d)) with respect to counts 4 and 7, and that he personally and intentionally discharged a firearm (Cal. Penal Code § 12022.53(c)) on counts 8-10. In addition, the jury found true the allegation that Petitioner had incurred two prior strike convictions, two serious prior felony convictions, and three prior prison terms. Petitioner was sentenced to a prison term of 65 years and four months.

The judgment of conviction was affirmed by the California Court of Appeal on December 19, 2007, except that Petitioner's sentence was reduced by five years. Petitioner then filed a petition for review with the California Supreme Court, which was denied on April 9, 2008.

Petitioner filed a petition for writ of habeas corpus in this Court on July 15, 2008, in which he raised seven grounds for relief, including the claim that the evidence was insufficient to support the true findings by the jury on the gang enhancement allegations. On

2

September 29, 2009, District Judge Gary A. Feess adopted my Report and Recommendation, granting the petition with respect to the sufficiency of evidence supporting the gang enhancements, and denying the petition with prejudice as to the remaining six claims for relief. A certificate of appealability was denied by this Court on November 9, 2009 and by the United States Court of Appeals for the Ninth Circuit on August 12, 2011.

On January 7, 2010, Petitioner was resentenced in the superior court to a term of 48 years and four months. (Lodgment 10 at 24.) After resentencing, Petitioner appealed to the California Court of Appeal, raising the following two new claims for relief: (1) the jury made inconsistent findings at trial, and (2) the admission of gang evidence was unduly prejudicial. (Lodgments 11, 12.) On October 26, 2010, the court of appeal affirmed the judgment, finding that Petitioner was precluded from raising these claims on appeal because they were not raised in the trial court in the first instance nor on his first direct appeal. (Lodgment 13 at 5.) On December 14, 2010, Petitioner filed a petition for review in the California Supreme Court, raising the same two claims of error. (Lodgment 14.) On January 19, 2011, the supreme court summarily denied review. (Lodgment 15.)

On September 19, 2011, Petitioner filed this habeas corpus petition, alleging the two grounds for relief presented in his second round of direct appeals: (1) the jury made inconsistent findings at trial, and (2) the admission of gang evidence was unduly prejudicial.

On November 9, 2011, Respondent filed a motion to dismiss the current petition, claiming that it is a successive petition within the meaning of 28 U.S.C. § 2244(b), because Petitioner could have,

3

but did not, raise these two claims in his previous federal habeas corpus petition. On February 1, 2012, the Court denied Respondent's motion to dismiss, finding that because an intervening judgment had been entered since resolution of the first petition, the current petition was not successive within the meaning of 28 U.S.C. § 2244(b). *See Magwood v. Patterson*, --- U.S. ---, 130 S.Ct. 2788; *see also Wentzell v. Neven*, --- F.3d ----, 2012 WL 1071638 at *3 (9th Cir. Apr. 2, 2012). Respondent was ordered to file an answer addressing the merits of the claims raised in the petition. On April 13, 2012, Respondent filed an answer and on April 30, 2012, Petitioner filed a traverse. The matter is ready for decision.[2]

## II. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas corpus relief is available to state prisoners who are in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To establish a right to relief, a petitioner must show that the state's highest court rejected the petitioner's claim on the merits, and that this rejection was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d); *Harrington v. Richter*, --- U.S. ---, 131 S.Ct. 770, 783-84 (2011). These standards apply

---

[2] Both parties have consented to have a magistrate judge conduct all proceedings in this case. See 28 U.S.C. § 636(c)(1). (Docket Nos. 5 and 11.)

4

regardless of whether the state court explained its reasons for rejecting a prisoner's claim. *Richter*, 131 S.Ct. at 784 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

It is not enough that a federal court conclude "in its independent judgment" that the state court decision is incorrect or erroneous. *Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam)). "The state court's application of clearly established law must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *see also Renico v. Lett*, --- U.S. ---, 130 S.Ct. 1855, 1865 (2010). AEDPA imposes a "highly deferential standard for evaluating state-court rulings; which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005); *Vasquez v. Kirkland*, 572 F.3d 1029, 1035 (9th Cir. 2009).

Habeas relief is unavailable if "fairminded jurists could disagree" about the correctness of the state court decision. *Richter*, 131 S.Ct. at 786 (quoting *Yarborough*, 541 U.S. at 664)(internal quotation marks omitted). For habeas relief to be granted, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S.Ct. at 786-87.

//
//
//

5

## III. Discussion

### A. Procedural Default

As a preliminary matter, the Court notes that Respondent contends that Petitioner's claims are procedurally barred based upon an independent and adequate state ground, namely that Petitioner failed to object at trial to the alleged errors and failed to raise them in his first appeal. (Answer at 15-16.) Because the Court has determined that Petitioner's claims fail on the merits, Respondent's procedural default argument will not be addressed. *See Lambrix v. Singletary*, 520 U.S. 518, 524 (1997) (where it is easier to resolve a petitioner's claims on the merits, the interests of judicial economy counsel against deciding the often more complicated issue of procedural default); *Walters v. Maass*, 45 F.3d 1355, 1360 n.6 (9th Cir. 1995).

### B. Inconsistent Jury Verdicts

Petitioner contends that the jury reached inconsistent verdicts at trial. He claims that the finding that he personally and intentionally discharged a firearm with respect to the charge of assault on a police officer with a semiautomatic weapon in count 8 is inconsistent with the finding that he discharged a firearm with gross negligence which could cause injury to a person in count 11.[3] (Pet. at 5-6.) Petitioner is not entitled to relief on this claim.

In *United States v. Powell*, 469 U.S. 57 (1984), the Supreme Court addressed an internal inconsistency in a verdict where the

---

[3] The trial court chose count 8 as the principal term, imposing the midterm of fourteen years (seven years doubled for the prior strike) with an additional twenty-year term for the intentional firearm discharge enhancement. Sentence on Count 11 was stayed pursuant to Cal. Penal Code § 654.

6